# Girard Point Storage Company, Plff. in Err., *v.* Frederick A. Riehle et al.

A mechanics' lien was filed for scales furnished to a grain elevator. The defense was that the scales did not weigh properly and on that account were rejected. The jury having found that the scales complied with the terms of the contract,—*Held*, that if the scales did their work well, as found by the jury, the defendant was bound to accept them, and the lien attached.

(Argued January 10, 1888. Decided January 23, 1888.)

January Term, 1887, No. 439, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error

to the Common Pleas No. 4 of Philadelphia County to review a judgment for plaintiffs in an action of scire facias on a mechanics' lien. Affirmed.

A mechanics' lien was filed by Riehle Brothers against a grain elevator of the Girard Point Storage Company, for the value of certain scales for weighing grain, furnished by them under a contract between them and a firm, Malster & Reaney, contractors with the defendant for the erection of the elevator and for furnishing the machinery therein. The defense was that the plaintiffs guaranteed the scales to be in perfect weighing order, and that after numerous tests and a careful consideration of their results, defendant determined that the scales were not fit for the work for which they were constructed, and it therefore had them removed.

Plaintiff introduced testimony to show that the scales were tested before taken to the elevator and were found to be in correct weighing order, and that any inaccuracies were due to the fact that the foundations were not properly constructed. These foundations were built by an independent firm under a contract with Malster & Reaney.

The defendant requested the court to charge, *inter alia,* as follows:

5. If the jury believe that the failure to show accurate results in the weighing tests was due entirely to the defects in the foundations of the scales, the fault was that of an independent contractor, and the defendant is not liable to the plaintiffs for that defect and in this action.

*Ans.* I must refuse that point. It seems to me that that point would have been better taken by the plaintiffs; that is to say, that the plaintiffs might, in more justice, have said: "If I make good scales, and you or your contractor put in insufficient foundations, I am not to blame for that; and that is a matter of yours and not of mine." But I cannot see that it is a defense against the claim for the scales, that the scales were perfect, but that they did not operate well because of the bad foundations which were put in by defendant's contractor.

Exception. [1]

6. The scales were never accepted by the defendant. Until accepted and finally placed in the defendant's building, the

building is not subject to mechanics' lien, and the verdict must be for the defendant.

*Ans.* I must refuse that point also

Exception. [2]

The court, THAYER, P. J., charged the jury, substantially, that if they believed that the plaintiffs, in supplying the scales, lived up to their warranty, they were entitled to a verdict. If they did not, the verdict should be for defendant.

Verdict for the plaintiffs for $7,975.61, and judgment thereon.

Defendant took this writ, specifying for error: (1) The answer to the fifth point; and (2) the answer to the sixth point as above noted.

*Geo. Tucker Bispham,* for plaintiff in error.—Where mechanics furnish material for an erection which is in any degree experimental, and whose acceptance or rejection must depend upon its fitness for the purpose for which it was constructed, it is plain that if the structure turns out to be unfit for the purpose, the owner need not accept it, and this is so even when the fault does not rest upon the material man.

This rule is illustrated by the case of Harlan v. Rand, 27 Pa. 511. See also Kitson v. Crump, 1 W. N. C. 164.

*T. B. Stork* and *John G. Johnson,* for defendants in error.— This is not a case like that of Harlan v. Rand, 27 Pa. 511, where a subcontractor of a subcontractor who, at best, had only the substitutionary right of the first subcontractor, was held to be liable to the restrictions to which the latter was subject, and to be entitled, under the mechanics' lien law, to no right to file a lien. In that case the heater itself was found to be insufficient for the purposes for which it was intended. No one pretended that if it was fit the owner could, arbitrarily, have rejected it.

The present case is also unlike Kitson v. Crump, 1 W. N. C. 164, where a worthless elevator was erected, not as a part of a new building, but under a contract between the owner of a building already erected and a third person.

In our case a new building was being erected for a purpose which made the placing of these heavy scales therein an absolutely necessary part of the structure. The scales, as the jury have found, were such as were contracted for, and were in proper

weighing order, and were in the condition agreed upon in the separate contract between the owner and their builder. See Odd Fellows' Hall v. Masser, 24 Pa. 507, 64 Am. Dec. 675.

PER CURIAM:

The main question in this case was whether the scales were properly constructed. This was a question of fact and was submitted to the jury in an exceptionally clear and impartial charge by the learned judge of the court below. The jury found in favor of the plaintiffs. This settles the issue of fact. It follows logically that the mechanics' lien attached.

The defendant's sixth point assumes that the scales were never accepted by the defendant. This was a question for the jury. It was contended by the plaintiffs that the scales were accepted. In any event there does not seem to have been any power or authority to reject them arbitrarily. If they were properly constructed and did their work well, as found by the jury, the defendant was bound to accept them, and the lien attached.

Judgment affirmed.